UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY, a Colorado
Corporation,

        Plaintiff,

v.

RUTH WOLDEMICAEL, et. al.,

        Defendants.

CASE NO. C05-1174-JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendant Ruth Woldemicael's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Dkt. # 4). After reviewing the motion together with all papers filed in support and in opposition thereof, the court DENIES Defendant's motion to dismiss.

## II.  BACKGROUND

Plaintiff Great-West Life & Annuity Insurance Company ("Great West") filed suit against life insurance beneficiaries, Defendants Ruth Woldemicael ("Woldemicael") and Melissa Virtue ("Virtue"); and Defendant Valley Bank of Puyallup ("Valley Bank") as a collateral assignee of a portion of the insurance proceeds.

ORDER – 1

The deceased, Ashley Ewen ("Ewen"), applied for a $100,000 group plan life insurance policy with Great-West on July 19, 2002. Great-West issued coverage to Ewen, effective October 10, 2002. Ewen applied for increased coverage on October 23, 2002 and received a $1,000,000 policy, effective February 4, 2003. Sometime thereafter, Ewen failed to pay the policy premium and his coverage lapsed on July 1, 2003. Ewen then submitted a reinstatement request dated October 1, 2003, and Great-West restored Ewen's coverage, relating back to the date of lapse. Ewen died on December 18, 2004.

Upon receipt of the estate's claim for insurance proceeds, Great-West conducted an investigation into Mr. Ewen's health history. From this investigation, Great-West determined that Ewen failed to disclose information regarding a serious health condition in his initial applications for coverage and in his request for reinstatement. Consequently, Great-West informed the Defendants that it would deny the claim and rescind Ewen's coverage on the basis of fraud and misrepresentation. Great-West filed this action seeking a declaratory judgment that its rescission of the life insurance coverage was proper, that coverage was void from inception, and that no Defendant is entitled to any benefits or proceeds. Woldemicael filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted.

## III.   DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-8 (9th Cir. 1996). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). Dismissal for failure to state a claim should not be granted "unless it appears beyond a reasonable doubt that the

ORDER – 2

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations and citations omitted).

Illinois law[1] requires that a life insurance policy contain a contestability clause which limits the time frame in which the insurer can challenge the insured's representations in securing coverage. 215 Ill. Comp. Stat. 5/231.1(B); see also Powell v. Mutual Life Ins. Co. of New York, 144 N.E. 825, 826-7 (Ill. 1924) (discussing the rationale behind the statutory limits on contestability). Subject to the statutory restrictions, the terms of the policy determine the time when the contestable period begins to run and ends. Seeburg Corp. of Delaware v. United Founders Life Ins. Co. of Illinois, 403 N.E.2d. 503, 506 (Ill. App. Ct. 1980) ("[T]he primary object in the construction of an insurance policy is to determine the intent of the parties"). The statutory minimum standard provisions, in turn, provide that the contestability period terminates once the policy has been in force for more than two years during the lifetime of the insured. Id. Insurers may not use language that is any less favorable to the insured than the statutory standard provisions. Mutual Life Ins. Co. of New York v. Wineberg, 49 N.E.2d 44, 47 (Ill. App. Ct. 1943).

Plaintiff alleges that Ewen's insurance policy contains a contestability provision[2] that enables it to challenge and rescind coverage on the basis of fraud and misrepresentation as to the applications of July 19, 2002 and October 23, 2002, as well as the reinstatement request of October 1, 2003. Defendant argues that Great-West is

---

[1] The parties do not dispute that the laws of the State of Illinois govern the insurance contract dispute.

[2] Neither party has submitted the actual policy language. Any vague reference to, or paraphrased version of, the salient provisions does not constitute extrinsic evidence sufficient to convert this Rule 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. P. 12(b).

ORDER – 3

estopped from challenging the coverage because the contestability period, which by statute must be no greater than two years, dates from the original policy and has, therefore, expired.

Taking all factual allegations as true, the court is satisfied that Great-West states a claim upon which relief may be granted. In its complaint, Plaintiff alleges that the contestability period has yet to run based on the timing of Ewen's subsequent application for additional coverage and his reinstatement request.[3] Whether the issuance of a policy based on an application for additional coverage[4] or a reinstatement request[5] triggers a new contestability period depends on particularized facts not yet before the court. The court, therefore, assumes without deciding that the deceased made affirmative statements in his

---

[3] The court notes that the $100,000 policy in force as of October 10, 2002 is outside of the contestability period and in any case, is not at the heart of this dispute. That is, Great-West's denial of the estate's claim is for the proceeds from the $1,000,000 policy based on the application of October 23, 2002 and effective February 4, 2003. Moreover, Plaintiff appears to concede this point in its opposition to Defendant's motion wherein Plaintiff argues contestability based on the policy that arises from the application for additional coverage and based on Ewen's reinstatement request. (Dkt. # 5 at 6-7). To be sure, the $100,000 policy is still relevant, at a minimum, because it constitutes the original contract between the deceased and Great-West, from which the court determines the effect of the subsequent application for increased coverage and the reinstatement request.

[4] See 28 Ill. Reg. 907 § 1411.50(e) (Illinois Department of Insurance Adopted Rules) (stating that the contract provisions "shall state whether a new period of contestability . . . is applicable to the additional coverage.").

[5] Compare McMahon v. Continental Assur. Co., 30 N.E.2d 959, 962-5 (Ill. App. Ct. 1940) (holding that insurer could rely on affirmative defense that coverage was invalid based on insured's fraudulent representations in his application for reinstatement, notwithstanding the fact that the original policy's contestability period had run) and Dorval v. Guarantee Trust Life Ins., 31 N.E.2d 385 (Ill. App. Ct. 1941) (holding that the contestability period runs from the date of the original contract where, under the policy terms, reinstatement is a contractual right that merely cancels a forfeiture, leaving the original contract in full force). See also Cohen v. New York Life Ins. Co., 132 F.2d 494, 495-7 (7th Cir. 1942) (applying Illinois law; distinguishing between an automatic reinstatement as of right and an application for reinstatement that contains affirmative representations by the policyholder).

ORDER – 4

application for the $1,000,000 policy and in his reinstatement request, which could constitute a basis for rescission based on fraud and misrepresentation.

## IV.   CONCLUSION

For the reasons stated above, the court DENIES Defendant's motion to dismiss (Dkt. # 4).

Dated this 3rd day of October, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 5