UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY,

        Plaintiff,

v.

RUTH WOLDEMICAEL, individually and as Personal Representative of the Estate of Ashley Ewen, MELISSA VIRTUE, and VALLEY BANK OF PUYALLUP,

        Defendants.

CASE NO. C05-01174JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)") motion from Defendant Melissa Virtue (Dkt. # 15) to dismiss claims against her for lack of personal jurisdiction. The court has considered the parties' briefing and accompanying declarations. For the reasons stated below, the court GRANTS the motion to dismiss.

## II. BACKGROUND

Great-West Life & Annuity Insurance Company ("Great-West"), a Colorado corporation, provides the group life insurance plan for the American Dental Association

ORDER – 1

("ADA"), which has headquarters in Illinois. Ashley Ewen, a Washington resident and member of the ADA, applied for a $100,000 life insurance policy under the plan on July 19, 2002. Great-West issued coverage to Mr. Ewen, effective October 10, 2002. Mr. Ewen applied for increased coverage on October 23, 2002, and received a $1,000,000 policy, effective February 4, 2003. Sometime thereafter, Mr. Ewen failed to pay the policy premium and his coverage lapsed on July 1, 2003. Mr. Ewen then submitted a reinstatement request dated October 1, 2003, and Great-West restored Ewen's coverage, relating back to the date of lapse. Mr. Ewen died on December 18, 2004.

The three Defendants, Ruth Woldemicael, Melissa Virtue, and Valley Bank of Puyallup, are named beneficiaries or collateral assignees to the proceeds of the insurance coverage. After Mr. Ewen's death, at least one of the Defendants filed a claim for the proceeds, prompting an investigation into Mr. Ewen's health history. From this investigation, Great-West determined that Mr. Ewen misrepresented his good health in his initial applications for coverage and in his request for reinstatement, and that he failed to disclose information regarding his treatment and hospitalization for bipolar condition. Consequently, Great-West denied the claim and rescinded the coverage on the basis of fraud and misrepresentation. On June 17, 2005, Great-West notified all three Defendants by mail and refunded Mr. Ewen's premium payments to Ms. Woldemicael, the personal representative of his estate.

While Defendants Woldemicael and Valley Bank are Washington domiciliaries for purposes of jurisdictional analysis, Defendant Virtue is domiciled in Hawaii. The only connection on record between Ms. Virtue and Washington State is her status as sister of the decedent and beneficiary of the policy in question. The insurance contract contains a choice of law provision selecting Illinois law.

ORDER – 2

On June 29, 2005, Great-West filed this action under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 for a declaratory judgment that the rescission of life insurance coverage was proper, that the policy was null and void from its inception, and that no Defendant was entitled to benefits under the coverage. On October 3, 2005, this court denied Defendant Woldemicael's motion to dismiss for failure to state a claim under Rule 12(b)(6). On January 18, 2006, defendant Virtue filed the present motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

### III.  ANALYSIS

When a defendant moves to dismiss a complaint for lack of personal jurisdiction and the court holds no evidentiary hearing, the plaintiff must make a prima facie showing of personal jurisdiction to survive the motion. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). The plaintiff must provide evidence that, if believed, would support the court's exercise of jurisdiction over the defendant. Id. at 1129. The court need not accept the plaintiff's bare allegations if the defendant controverts them with evidence. See AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). If both parties provide evidence supporting different versions of a fact, however, the court must resolve competing inferences in the plaintiff's favor. Harris Rutsky, 328 F.3d at 1129.

Where no federal statute governs personal jurisdiction, the district court must apply the long-arm statute of the state in which the court sits. Fed. R. Civ. P. 4(k)(1)(A); Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993). Washington and federal courts have established that the Washington long-arm statute reaches the full extent of the due process clause of the United States Constitution. Easter v. American

ORDER – 3

West Financial, 381 F.3d 928, 960 (9th Cir. 2004); Werner v. Werner, 526 P.2d 370, 374 (Wash. 1974).

### A.      Long-Arm Jurisdiction

Despite the expansive reach of the Washington long-arm statute, Great-West has not shown that the statute reaches Ms. Virtue in this case. Great-West argues that jurisdiction is proper based on the clause providing for specific jurisdiction "as to any cause of action arising from" the use, ownership, or possession of any property, whether real or personal, situated in the state. RCW § 4.28.185(1)(c). Property ownership for purposes of assessing personal jurisdiction is a matter of state law. See Rush v. Savchuk, 444 U.S. 320, 328 n.14 (1980). While Great-West cited to restatement principles by which to determine the situs of the insurance policy, Great-West has not demonstrated that the Defendant's beneficial interest in the insurance policy constitutes ownership of property in Washington, particularly in light of Great-West's prior rescission of the insurance contract before instituting this action. The court need not decide whether Ms. Virtue's interest is Washington property. As Great-West concedes, all assertions of jurisdiction must comport with the federal due process clause. Shaffer v. Heitner, 433 U.S. 186, 209 (1977). Even assuming that Ms. Virtue's interest in the proceeds of the life insurance policy is Washington property, that ownership interest is an insufficient basis for personal jurisdiction under Shaffer.

### B.      Due Process and Purposeful Availment

Due process requires that, in order for a state court to assume jurisdiction over a party, the party must have minimum contacts with the state such that jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Ninth Circuit analyzes specific jurisdiction according to a three-prong due process test. Yahoo Inc. v. La Ligue Contre Le Racisme

ORDER – 4

Et L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006).  First, the non-resident defendant must purposefully direct activity or consummate some transaction with the forum or a resident thereof, or perform an act by which she purposefully avails herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.  Id.  Second, the claim must be one that arises out of or relates to the defendant's forum-related activities.  Id.  Third, the exercise of jurisdiction must be reasonable.  Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir.2004); Metropolitan Life Ins. Co. v. Neaves, 912 F.2d 1062, 1065 (9th Cir. 1990).

The first prong of the test may be satisfied by purposeful availment of the privilege of doing business in the forum, by purposeful direction of activities at the forum, or by some combination thereof.  Yahoo, 433 F.3d at 1206.  However, only the acts of the non-resident defendant, not the unilateral act of a third person, can determine whether the defendant has sufficient contacts to warrant jurisdiction.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416-17 (1984).  This is so, even if the unilateral act is done with the defendant's passive knowledge or acquiescence.  See Kulko v. California Superior Court, 436 U.S. 84, 93-94 (1978) (finding insufficient contact for custody adjudication in defendant-father's consent to allow child to live in California part time).  Only after the record reveals some purposeful act directed at the forum, however small, may the court begin to consider whether "considerations of reasonableness" dictate that jurisdiction is proper.  See Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986).

The ownership of property within the forum is one contact, possibly suggestive of other ties to the forum or the litigation, by which the court can evaluate the reasonableness of asserting jurisdiction over a party.  See Shaffer, 433 U.S. at 207-208.

ORDER – 5

The <u>Shaffer</u> Court explained that, "when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction." 433 U.S. at 207. In such cases, the Court noted, "the defendant's claim to property located in the State would normally indicate that he expected to benefit from the State's protection of his interest." <u>Id.</u> at 207-208.

As noted, the court is not convinced that Ms. Virtue has an ownership interest of the type contemplated by either <u>Shaffer</u> or state law. Assuming she does, however, and assuming the situs of that property is Washington, Ms. Virtue could not reasonably have expected a great deal of protection from Washington law. Through no act of her own, and conceivably without her knowledge, she held an interest in a contract governed by Illinois law, pursuant to the blanket terms of a group plan negotiated between a Colorado corporation and an Illinois organization.[1] At best, the only protection Washington could afford her would be a convenient forum in which she would have jurisdiction, should she choose to bring this suit herself.

Great-West has not met its burden to show jurisdiction over Ms. Virtue because nothing in the record indicates that she purposefully availed herself of her status as beneficiary of the life insurance policy or took advantage of that status in any way. The first indication that Ms. Virtue even knew of her status is the letter from Great-West

---

[1] Although the court is unaware of authority squarely addressing jurisdiction over a non-resident insurance beneficiary, other courts have held that a passive beneficial interest does not satisfy the purposeful availment requirement. See <u>Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.</u>, 757 F.2d 1058, 1063 (9th Cir. 1985) (finding insufficient availment in status as beneficiary to line of credit from in-state branch of an interstate bank); <u>Mueller v. Mueller</u>, No. 02-C-488, 2002 U.S. Dist. LEXIS 3457, at *9-10 (N.D. Ill. March 4, 2002) (denying jurisdiction over non-resident beneficiary to life insurance policy).

ORDER – 6

announcing its rescission of the contract. The record supports no inference of purposeful availment.

The court understands Great-West's desire to resolve this dispute in a single forum. The court also recognizes that the parties, witnesses, and evidence are located primarily in Washington, making it arguably the most convenient forum for the Washington litigants.[2] However, where Ms. Virtue has not committed a single act to avail herself of the protection of Washington law, either within the state or from afar, the court has no basis to assert personal jurisdiction. Hanson, 357 U.S. at 254.

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS Ms. Virtue's motion (Dkt. # 15). The clerk shall dismiss Ms. Virtue from this action.

Dated this 2nd day of March, 2006.

JAMES L. ROBART
United States District Judge

---

[2] Great-West suggests that the court must dismiss this action under Fed. R. Civ. P. 19 if Ms. Virtue does not disclaim her interest in the policy and she cannot be joined as a party. This assertion is not currently before the court.

ORDER – 7