UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>RUTH WOLDEMICAEL, et al.,<br><br>            Defendants. | CASE NO. C05-1174JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Defendant Ruth Woldemicael's motion under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Hawaii (Dkt. # 25). No party has requested oral argument, and the court finds this motion amenable to resolution based on the parties' briefs and declarations. For the reasons stated below, the court DENIES the motion to transfer, but DISMISSES this action because of the nonjoinder of an indispensable party.

## II. BACKGROUND

In previous orders, the court has summarized the facts underlying this dispute over the life insurance policy of Ashley Ewen. The court will not repeat that summary here, and focuses on the procedural history relevant to the instant motion.

ORDER – 1

In June 2005, Plaintiff Great-West Life & Annuity Insurance Company ("Great-West") filed two parallel federal actions. The first is this action, in which Great-West named Ms. Woldemicael (both individually and as the representative of the Estate of Ashley Ewen), Valley Bank of Puyallup ("Valley Bank"), and Melissa Virtue as Defendants. The day after it filed this action, Great-West filed the second action in federal court in Hawaii (Case No. CV 05-412DAE-BMK), naming only Ms. Virtue as a Defendant. Ms. Virtue resides in Hawaii. All other Defendants reside in Washington.

On March 2, 2006, the court granted Ms. Virtue's motion to dismiss claims against her in this action for lack of personal jurisdiction.

More than a month later, Ms. Woldemicael brought the instant motion to transfer this action to the federal district court in Hawaii. Ms. Woldemicael has already intervened in the Hawaii action on behalf of herself and the Estate.[1] An authorized representative from Valley Bank has consented to personal jurisdiction and venue in Hawaii for purposes of resolving this dispute. See Declaration of Leo Dreith.

## III.  ANALYSIS

The court cannot exercise its discretion to transfer an action under § 1404(a) unless the transferee forum is a district where the action "might have been brought." Almost a half-century ago, the Supreme Court held that the "might have been brought" limitation requires that at the time the plaintiff initiated the action in the transferor forum, it could have initiated the action in the transferee forum. Hoffman v. Blaski, 363 U.S. 335, 342-43 (1960).

In Hoffman, the Court reversed the transfer of an action from Texas to Illinois. The plaintiffs, all Illinois residents, brought a patent infringement action in a federal

---

[1] The court takes judicial notice that the Hawaii court has granted Ms. Woldemicael's motion to intervene as a Defendant. Case No. CV 05-412DAE-BMK, Dkt. # 25.

ORDER – 2

district court in Texas against a Texas resident and a corporation amenable to suit only in Texas. Id. at 336. After answering the complaint, the defendants moved to transfer the action to a federal district court in Illinois, agreeing to waive all objections to improper venue and lack of personal jurisdiction. Id. at 336 & n.2. The Court held that the transfer was improper because, at the time the action was brought, the action was not one that could have been brought in Illinois. Id. at 343. The Court rejected the proposition that the defendants' subsequent waiver of improper venue and lack of personal jurisdiction cured this defect:

> [T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action "might have been brought" by the plaintiff.

Id. at 343-344.

Like the action in Hoffman, the instant action could not have been brought in Hawaii. Ms. Woldemicael suggests that because Great-West has already brought an action in Hawaii, it could have brought this action as well. The court disagrees. Absent the "wish or waiver of the defendant[s]" in this action, Great-West could not have brought *this* action in Hawaii without running headlong into the Hawaii court's lack of personal jurisdiction over the Washington Defendants. The action Great-West brought in Hawaii was the only one it could have brought there – an action with Ms. Virtue as the sole Defendant.

Ms. Woldemicael contends that the court should rely not on Hoffman, but on the Court's later decision in Continental Grain Co. v. The Barge FBL-585, 364 U.S. 19 (1960). In Continental Grain, however, the transferred action could have been brought in the transferee forum, and the Court expressly distinguished Hoffman on that basis. Id. at 22.

ORDER – 3

Ms. Woldemicael insists that justice and judicial economy would be best served by resolving this dispute in a single action. The court does not disagree, but, on occasion, parties may invoke procedural protections to create a situation in which an action cannot proceed in the manner that best serves justice and judicial economy. Here, Ms. Virtue has refused to submit to suit in Washington, and Great-West has refused to submit to a single action in Hawaii. The apparent consequence of those decisions is that two courts will decide this dispute. The court does not prefer this result, but it cannot rewrite § 1404(a) to avoid it.

One possibility remains: that the court should dismiss this action under Fed. R. Civ. P. 19 ("Rule 19") because the parties cannot join Ms. Virtue. Both parties have acknowledged this possibility. Great-West insisted when it opposed Ms. Virtue's motion to dismiss for lack of personal jurisdiction that Ms. Virtue's joinder was necessary under Rule 19(a). Both Ms. Woldemicael and Valley Bank state in the instant motion that they believe Ms. Virtue to be an indispensable party under Rule 19(b). Even if the parties had not raised the issue, the absence of an indispensable party is an issue that a court can raise *sua sponte* at any time, even after appeal. See Fed. R. Civ. P. 12(h)(2); CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911-12 (9th Cir. 1991).

A party is not "indispensable" under Rule 19(b) unless the party is a "[p]erson to be [j]oined if [f]easible" under Rule 19(a). Courts often use the term "necessary party" to indicate a party who should be joined if feasible under Rule 19(a), in contrast to an "indispensable party" under Rule 19(b) whose absence from the litigation requires dismissal. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 867 n.5 (9th Cir. 2004).

The court finds Ms. Virtue to be a necessary party under Fed. R. Civ. P. 19(a). Under Rule 19(a), a party is necessary if it satisfies either of two conditions:

ORDER – 4

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Focusing on the second condition, the court concludes that Ms. Virtue has an interest in the subject of this action because she has a claim to the putative proceeds of the insurance policy in dispute. The pendency of the Hawaii action in tandem with this one means that all parties face the possibility of inconsistent obligations. Pending before this court are cross-motions for summary judgment that will determine whether the policy at issue is incontestable. The court in Hawaii will necessarily resolve the same issue. The possibility of multiple or inconsistent obligations is apparent.

Having found Ms. Virtue to be a necessary party, the court must now decide whether she is "indispensable" within the meaning of Rule 19(b). The Rule itself guides the court's analysis:

> If a [necessary party] cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The court finds that in equity and good conscience, this action should not proceed without Ms. Virtue. The court notes at the outset that it cannot make Ms. Virtue a party to this action, as it has already determined that it lacks personal jurisdiction over her. As the court has already discussed, a judgment in this action will potentially prejudice all parties in this action, because they will be subject to the potentially inconsistent judgment

ORDER – 5

in the Hawaii action. Because both this court and the Hawaii court will control the respective actions independently, the court cannot conceive of a means of reducing the potential for prejudice. If this court renders judgment without Ms. Virtue, that judgment will be inadequate because it will not afford her an opportunity to present her claim to the policy. Finally (and critically in the court's view), all Washington Defendants have expressly consented to jurisdiction and venue in Hawaii. Ms. Woldemicael has already intervened in the Hawaii action. Thus, if the court dismisses this action, Great-West will have an adequate remedy – the continued prosecution of the Hawaii action.

## IV. CONCLUSION

For the reasons stated above, the court DENIES Ms. Virtue's motion to transfer (Dkt. # 25), but DISMISSES this action without prejudice because the parties cannot join Ms. Virtue, who is indispensable to this action. The clerk shall enter judgment consistent with this order.

Dated this 2nd day of June, 2006.

JAMES L. ROBART
United States District Judge